# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SALAS-SHARP<br>(aka "Joe W. Modrell"),<br><br>               Plaintiff,<br><br>  v.<br><br>California Department of Corrections,<br>  et. al.,<br><br>               Defendants.<br>_____/ | CV F 04 6269 REC SMS P<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

      Joe Salas-Sharp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      This action was filed on September 19, 2004, in the U.S. District Court for the Northern District of California and subsequently transferred to this Court. The Court granted Plaintiff's Application to proceed In Forma Pauperis and also served Plaintiff with a first informational order. All mail served on Plaintiff was returned to the Court indicating that it was unclaimed.

      Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

District courts also have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In the instant case, significant time has passed since Plaintiff's mail was returned and he has not made any contact with the court with respect to his case. Accordingly, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within TWENTY (20) days of the date of service of this Order, why the action should not be dismissed for failing to prosecute the action.

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the action be dismissed.

IT IS SO ORDERED.

**Dated:   April 6, 2006**            **/s/ Sandra M. Snyder**
b6edp0                     UNITED STATES MAGISTRATE JUDGE